```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X
                                        :
RAFAEL BERIGUETE,                       :
                        Plaintiff,      :
                                        :   11 Civ. 3085 (DLC)
            -v-                         :
                                        :   OPINION & ORDER
ROOSEVELT HOSPITAL ENVIRONMENTAL        :
SERVICES,                               :
                        Defendant.      :
                                        :
----------------------------------------X
```

APPEARANCES:

For plaintiff:
Rafael Beriguete, pro se
1637 Nelson Avenue, Apt. 1A
Bronx, NY 10453

For defendant:
David Roger Marshall
Edwards Angell Palmer & Dodge, LLP
750 Lexington Avenue
New York, NY 10022


DENISE COTE, District Judge:

Pro se plaintiff Rafael Beriguete ("Beriguete") brought this lawsuit against Roosevelt Hospital Environmental Services ("the Hospital") in state court, arising out of the termination of Beriguete's employment on March 22, 2011. On May 5, the Hospital removed the case to this Court, and subsequently moved to dismiss Beriguete's complaint. For the following reasons, the defendant's motion to dismiss is granted.

1

BACKGROUND

Beriguete filed this action in the Civil Court of the City of New York, New York County, on April 14, 2011. His spartan complaint consists of the court's "Free Civil Court Form," with boxes checked and blanks filled. Under "Reason for Claim", Beriguete checks "[l]oss of . . . time from work." Beriguete further states that he is "making this claim because of false statement." Under "Details of Claim", Beriguete provides the following information: that the amount of his claim is $25,000, that the date of the occurrence giving rise to his claim was March 22, 2011, and that the place of the occurrence was "Roosevelt Hospital Center Environmental SVCS".

The Hospital removed the case to federal court on May 5 pursuant to 28 U.S.C. § 1446, on the grounds that Beriguete alleged a federal cause of action under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. On May 12, defendant filed a motion to dismiss the plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P.

The Hospital submitted several exhibits to accompany its motion to dismiss. According to the Hospital, these exhibits demonstrate the following: Beriguete was employed as a housekeeper in the Hospital's Environmental Services Department. The terms and conditions of Beriguete's employment were subject

to a collective bargaining agreement ("CBA") between Beriguete's union, 1199 SEIU United Healthcare Workers East ("the Union"), and the League of Voluntary Hospitals and Homes of New York ("the League"), a multi-employer bargaining agent for various healthcare institutions including the Hospital.  On March 22, the date of the occurrence addressed in the complaint, the Hospital fired Beriguete for a string of alleged misdeeds.  The Union then filed a grievance on his behalf pursuant to the CBA, challenging the decision to fire Beriguete.  The CBA grievance process remains ongoing.

According to the Hospital, Beriguete's claim is preempted by § 301 of the LMRA, because its resolution requires analysis of provisions relating to just cause for discharge in the CBA.  The Hospital further argues the plaintiff's complaint must be dismissed because Beriguete failed to exhaust exclusive remedies under the grievance provisions of the CBA before filing his complaint.  See Dougherty v. American Tel. and Tel. Co., 902 F.2d 201, 203 (2d Cir. 1990) (citing Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 563 (1976)).  Finally, the Hospital argues that Beriguete has failed to allege that the Union breached its duty of fair representation, a showing that is required to sustain a § 301 action for breach of a CBA.  See Vaca v. Sipes, 386 U.S. 171, 186 (1967).

On May 17, Beriguete was ordered to file an amended complaint or to oppose the Hospital's May 12 motion to dismiss by June 10.  Beriguete did neither, nor did he request an extension.  In a letter dated June 25 (the "June 25 Letter") and received by the Court on July 13, however, Beriguete stated that he had attended a hearing with representatives of the Union and the Hospital on June 22, during which "false information was provided which did not favor me because wrongful statements regarding me were given."  The June 25 Letter did not reference either the Hospital's motion to dismiss or the Court's Order of May 17.

DISCUSSION

"An action which was originally filed in state court may be removed by a defendant to federal court only if the case could have been originally filed in federal court."  Hernandez v. Conriv Realty Assocs., 116 F.3d 35, 38 (2d Cir. 1997).  Federal courts have jurisdiction under § 301 of the LMRA to hear claims arising from rights conferred by collective bargaining agreements, as well as claims "substantially dependent on analysis of a collective-bargaining agreement."  Lingle v. Norge Div. of Magic Chef Inc., 486 U.S. 399, 410 n.10 (1988).  "The unusual pre-emptive power accorded section 301 extends to create federal jurisdiction even when the plaintiff's complaint makes no reference to federal law."  Vera v. Saks & Co., 335 F.3d 109, 113

(2d Cir. 2003) (per curiam) (citation omitted).  Before bringing an action for breach of a collective bargaining agreement, "the employee must exhaust grievance procedures provided by the relevant collective bargaining agreement."  Dougherty, 902 F.2d at 203.  Failure to exhaust available grievance procedures under the collective bargaining agreement should ordinarily result in dismissal of the complaint.  Vera, 335 F.3d at 118-19.

Beriguete's barebones state court complaint does not explicitly mention or refer to the CBA.  Liberally construed, however, it alleges that Beriguete's employment was wrongfully terminated by his employer in violation of the rights conferred by his contract of employment.  That contract, of course, is the CBA between Beriguete's Union and the League.  The CBA establishes a grievance procedure that may be pursued on an employee's behalf by union representatives.  As Beriguete concedes in the June 25 Letter, union representatives filed a grievance on his behalf.  Because Beriguete's claims are preempted by § 301, and because Beriguete concededly failed to exhaust CBA grievance procedures before filing his complaint, the Hospital's motion to dismiss is granted.

Conclusion

The Hospital's May 12 motion to dismiss the complaint is granted. The Clerk of Court shall close this case.

SO ORDERED:

Dated:   New York, New York
         December 29, 2011

```
                              _____
                                     DENISE COTE
                              United States District Judge
```

COPIES SENT TO:

Rafael Beriguete
1637 Nelson Avenue, #1
Bronx, NY 10453

David R. Marshall
Julie Lynn Sauer
Edwards Angell Palmer & Dodge, LLP
750 Lexington Avenue
New York, NY 10022